IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| COREYRAMON PASTORIZA,<br>  Plaintiff,<br><br>v.<br><br>KEYSTONE STEEL & WIRE,<br>KEYSTONE CONSOLIDATED, *et al*,<br>  Defendants. | Case No. 1:15-cv-01174-JBM-JEH |

**Order**

  Now before the Court is the Defendants' Joint Motion for More Definite Statement (Doc. 11). The Plaintiff filed a Motion to Strike the Defendants' Motion for More Definite Statement (Doc. 12) which the Court construes as the Plaintiff's response to the Defendants' Motion. For the reasons set forth below, the Defendants' Motion is GRANTED and the Plaintiff's Motion is DENIED.

**I**

  On April 30, 3015, the Plaintiff, proceeding *pro se*, filed his Complaint entitled Complaint of Employment Discrimination (Doc. 1). The Plaintiff named four individuals as Defendants, and in the caption of the case named Keystone Steel & Wire and Keystone Consolidated as well. The Plaintiff alleges that the Defendants discriminated against him on the basis of: age in violation of the Age Discrimination in Employment Act, 29 USC § 621 *et seq.*; color in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.*; race in violation of Title VII; and sex in violation of Title VII. He also alleges: retaliation in violation of Title VII; concerted activity; Illinois defamation of character; Illinois intentional infliction of emotional distress (IIED); and Illinois interference with contractual

1

relations. His "Facts in Support of Claim" included 41 separate paragraphs with many subparagraphs. He included numerous exhibits including copies of his Notice of Right to Sue, copies of his charges filed with the Equal Employment Opportunity Commission (EEOC), an Agreement between Keystone and the Independent Steel Workers' Alliance, a document regarding earnings by High Tensile Machine Operators, a diagram of his former workspace, a New Employee Orientation agenda, letters from Defendants' counsel to the EEOC, the Plaintiff's Confidential Witness Affidavit, and various other documents he cites in his Complaint. In his Request for Relief, the Plaintiff seeks a judgment that the Defendants violated state and federal civil rights laws and $750,000 "for the personal pain and suffering, back pay, emotional distress, loss of wages and properties, loss of real estate properties, defamation of character and violation of civil rights."

      The Defendants filed their Motion for More Definite Statement arguing that the Plaintiff's discrimination claims, retaliation claim, defamation claim, IIED claim, and claim for interference with contractual relations are all so vague and ambiguous that the Plaintiff should be ordered to provide a more definite statement of each of those claims. The Plaintiff counters that Defendants' counsel had since June 2013 to investigate and prepare pleadings responsive to his Complaint. The Plaintiff also argues that while the Complaint is 18 pages, "only six pages of content were added to clarify the initial dispositions given by the NLRB's and EEOC's representatives, and nothing has been amended since Counsel appeared on behalf of the Defendants named on June 20, 2013."

II

Federal Rule of Civil Procedure 12(e) provides in relevant part that, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A defendant may move for a more definite statement pursuant to FRCP 12(e) where "a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v Sorema NA*, 534 US 506, 514 (2002). Under FRCP 8(a), a pleading that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Pro se* complaints, however, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v Gilbert*, 557 F3d 541, 546 (7th Cir 2009).

Accordingly, the Court must balance the Plaintiff's status as a *pro se* litigant against the pleading requirements of the Federal Rules of Civil Procedure and the Defendants' purported inability to respond to the Plaintiff's vague and ambiguous Complaint. The Defendants argue that the Plaintiff does not clearly state against whom he is bringing each of his claims and that the disorganized nature of the Plaintiff's allegations make it difficult to know which allegations are intended to support which claims.

The Court has read the entire Complaint, has reviewed the attached Exhibits, and agrees with the Defendants; the Plaintiff's allegations are too intermingled and vague to enable the Defendants to reasonably prepare a response. Indeed, the Plaintiff's allegations give the Defendants "notice" of his claims insofar as he has labeled those claims and insofar as he has given a very verbose explanation of the sequence of events he alleges gave rise to those claims. However, the Plaintiff has not plainly and concisely stated which Defendants committed which acts that violated which of his rights.

Though the Plaintiff argues that the Defendants' counsel had since June 2013 to investigate and prepare pleadings responsive to his Complaint, the Plaintiff's argument is misplaced. The Defendants must respond to the federal lawsuit the Plaintiff filed on April 30, 2015, and specifically, the allegations contained within his 18-page Complaint. It is of no moment what ability the Defendants have to distill the allegations of the Complaint *now* based upon what was allegedly available to Defendants' counsel pertaining to NLRB and/or EEOC proceedings nearly two years *prior* to the Plaintiff filing this lawsuit. Moreover, some of the attached Exhibits, considered part of the Complaint pursuant to FRCP 10(c), render the Complaint even less clear and concise to the extent that the Plaintiff has attached them in an effort to further articulate his claims. See FRCP 10(c) (providing in relevant part that, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

Accordingly, the Plaintiff must file an amended complaint that specifies which claims are directed at which Defendants. For each claim, the amended complaint must set forth the allegations that are pertinent to just that particular claim. The Court is mindful that the Plaintiff is proceeding *pro se* and must only provide sufficient notice to enable the Defendants to reasonably prepare a response though the Defendants' Motion would have the Court require the Plaintiff to file an amended complaint that meets the standard expected of attorneys.

### III

For the foregoing reasons, the Defendants' Motion for More Definite Statement (Doc. 11) is GRANTED and the Plaintiff's Motion to Strike the Defendants' Motion for More Definite Statement (Doc. 12) is DENIED. The Plaintiff must file an amended complaint within 14 days of the entry of this

Order that specifies which claims are directed at which Defendants, and for each claim, the amended complaint must set forth the allegations that are pertinent to just that particular claim. The Plaintiff's failure to file an amended complaint that provides a more definite statement may result in the dismissal of his case.

*It is so ordered.*

Entered on August 27, 2015.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE